## Master et al. v. Machen et al.

*W. L. Sheppard* and *J. C. Bedford,* for plaintiffs.
*Saul, Ewing, Remick & Saul,* for defendants.

SMITH, P. J., December 3, 1936.—This matter comes before us on preliminary objections to the bill of complaint. The bill in equity avers that The Presbyterian Church in the United States of America is an unincorporated society organized under that name and title in 1788; that the trustees of the General Assembly of The Presbyterian Church in the United States of America are a corporation chartered by a special act of the Commonwealth of Pennsylvania in 1799, (Act of March 28, 1799, 3 Sm. L. 360) with its principal office in Philadelphia; that the said corporation holds and administers various trusts for the uses and purposes of said plaintiff church; that the plaintiff church, through an agency incorporated under the title "Board of National Missions of the Presbyterian Church in the United States of America", supports and maintains missionary enterprises throughout the United States and its territorial possessions; that the plaintiff church promotes and sustains a comprehensive

48

educational program, through an agency incorporated under the title "Board of Christian Education of the Presbyterian Church in the United States of America", preparing, publishing and distributing books, pamphlets, magazines, etc.; that the plaintiff church supports and controls 11 theological seminaries.

The complainants further aver that the individual defendants, J. Gresham Machen and Paul Woolley, are the moderator and stated clerk of an unincorporated society organized by them in conjunction with others under the name of "Presbyterian Church of America" at a meeting on June 11, 1936, that the individual defendants and those associated with them as members and officers of the said defendant church were members of the plaintiff church prior to the formal organization thereof, and that on or subsequent to June 11, 1936, they were enrolled as members of the defendant church and declared they renounced their membership in the plaintiff church. The bill further avers that the defendant church is organized upon principles, doctrines and form of government identical with those of the plaintiff church; that the defendants are engaged in an aggressive campaign to induce the members and individual churches of the plaintiff church to withdraw therefrom with the church property under their control and to bring themselves and said property into support of the defendant church; that, although the present defendant organization is primarily limited to churches located in Philadelphia, their purpose is to expand to all parts of the United States and to accomplish this objective through the impairment of the plaintiff church; that the similarity of the name of the defendant church to that of the plaintiff church will cause and is intended to cause irreparable injury and loss to the plaintiff church by reason of the confusion that will result; that the plaintiff church is widely known throughout the world as the principal representative of what is known as Presbyterianism in America; that the maintenance of these churches, its home and foreign missionary enter-

prises, and other auxiliary programs are all dependent upon the voluntary offerings of its members and fellow-worshipers, and that the confusion created in the minds of the public by the defendant church will hamper the work of the plaintiff church; and that these acts are unfair and contrary to the principle of equity. Wherefore, the plaintiffs pray that the defendants named in the foregoing paragraphs be enjoined and restrained preliminarily until final hearing, and perpetually thereafter, from using the name "Presbyterian Church of America" or any other name of like import to mislead the public or members of the plaintiff church.

The preliminary objections to the said bill of complaint aver that the bill is defective in that it is an attempt on the part of plaintiffs to secure by law a preference for a religious establishment; that the bill is multifarious as to parties plaintiff and causes of action and all the plaintiffs are not interested in all of the causes of action; that the bill fails to set forth the particular property owned or held by the plaintiff corporation; it fails to set forth the terms and conditions of trusts under which the corporation holds the property, and further fails to set forth the particular property held by the corporation which it is alleged is being interfered with by defendants and the manner of such interference; that Messrs. Master, Mudge, Barnes, Whyte, Matthews, Pugh, DeWitt, Lyon, and Sherrard have no authority to file a bill on behalf of approximately two million people of an unincorporated association. Defendants deny that they are attempting to induce members and individual churches associated with The Presbyterian Church in the United States of America to withdraw with the church property and bring themselves into the membership of defendant church; and further aver that the bill does not describe the property with which defendants are alleged to be interfering. Therefore, defendants pray that the court dismiss the bill with the costs to be paid by plaintiffs.

The first objection of defendants to the bill in equity is without merit. There is no effort made by law to secure a preference for any religious establishment contrary to section 3, of art. I, of the Constitution of this Commonwealth. The right to the name, The Presbyterian Church in the United States of America, is recognized by usage and tradition since that unincorporated society organized under that name and title in America in 1788. The mere use of a specific name for a religious body in no way hampers a man's freedom of worship or compels his attendance or adherence to a church conducting religious services under that caption. There is here no attempt being made which would compel a preference by law for this particular religious body or mode of worship over all other religious organizations or modes of worship. The primary purpose of the bill is to prevent the use of a name by another independent organization, whether it be created by schism or by a group never before affiliated with it, so nearly identical to its own ancient name associated to it in the public mind as to lead to confusion, misunderstanding and material damages.

It seems futile to deny that the original name The Presbyterian Church in the United States of America is not substantially copied by defendants in their adoption of the name Presbyterian Church of America.

It also appeals to common sense that the use of this latter name must lead to confusion among those who worship under the name of Presbyterians as such form of worship conducted under the churches being a part of the plaintiff organization as well as misunderstanding among those who may be desirous of making contributions to the original organization or attending its colleges of learning, missions or other auxiliary organizations. This is not a monopoly. It is merely a natural and protective right that belongs to organizations, religious or otherwise, to safeguard them against organizations attempting to adopt their time-honored and descriptive name or one so similar to it as to lead to confusion and tend to deceit.

The bill is not defective because of any multifariousness as to parties plaintiff and causes of action. The parties plaintiff are the individual officers, and a specially constituted committee of the General Assembly of The Presbyterian Church in the United States of America, an unincorporated body, and the Trustees of the General Assembly of The Presbyterian Church in the United States of America, a corporation. All of these parties have a common interest or a single object in the proceedings, even though that interest may be variable to some degree.

In Rafferty et al. v. Central Traction Co. 147 Pa. 579, 584, Mr. Justice Greer said:

"We dismiss the first and second assignments of error, because we think that the cause of complaint is one that is common to all the plaintiffs, the right under which all claim is precisely the same as to each, the complaint of all is against the same defendant for the doing of acts which affected all alike and in the same manner, the defence set up is common to all the plaintiffs, and the testimony, proofs and decree are alike as to all the plaintiffs. It is not necessary to cite authorities to show that when all these matters concur a bill filed by several such plaintiffs against a common defendant is not multifarious."

See also Riley v. Pennsylvania Co., 32 Pa. Superior Ct. 579.

There is also only one prayer, to enjoin defendants from using or employing the name Presbyterian Church of America or any name similar to or imitative of that of the plaintiff church, or holding meetings or enterprises under such name. Plaintiffs share the same name, have a common interest in it, and in varying degrees would be affected by its imitation. If injuries are suffered by these plaintiffs to any degree, equity will assume jurisdiction. It is not necessary therefore that all forms and degrees of injury must be contained in the bill. Neither is it necessary for the bill to set forth all, each, and every character or description of the property that may be affected, or

the property held in trust by the corporation, or the specific uses and purposes thereof. Many of the averments of the bill may be surplusage and unnecessary; that which is material and relevant may be adduced by proof.

Paragraph 4 of the bill describes the bodies and groups constituting the plaintiff church, including the governing body, as well as the powers and duties of the general assembly and the form of government of the plaintiff church. The allegations as to the latter are as follows:

" 'The power of deciding in all controversies respecting doctrine and discipline; of reproving, warning or bearing testimony against error in doctrine, or immorality in practice, in any church, presbytery, or synod; of erecting new synods when it may be judged necessary; of superintending the concerns of the whole Church; of corresponding with foreign churches, on such terms as may be agreed upon by the Assembly and the corresponding body; of suppressing schismatical contentions and disputations; and in general, of recommending and attempting reformation of manner, and the promotion of charity, truth, and holiness, through all the churches under their care.' "

This action is brought in the interest of The Presbyterian Church in the United States of America and to assert a right which belongs in it. The other parties plaintiff are but the instrument in bringing the matter to the attention of this court. The sole question is to have the matter adjudicated on the question of the right of the plaintiff church to enjoin another organization or group from using its name or one so similar to it as to lead to confusion, misunderstanding and consequent damage.

### Decree

And now, to wit, December 3, 1936, the preliminary objections to the bill in equity are dismissed, with leave granted to defendants to file an answer on the merits within 15 days.